IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


STEPHEN C. WASHINGTON
                                              2:05-cv-160
                                              2:97-cr-0099(4)
        v.                                JUDGE GRAHAM


UNITED STATES OF AMERICA


**OPINION AND ORDER**

On March 28, 2013, the United States Magistrate Judge recommended that petitioner's *Motion to Recall Judgment Pursuant to Fed. R. Civ. P. 60(B)(6)*, Doc. No. 989 ["*Petitioner's Motion*"], be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. *Report and Recommendation*, Doc. No. 990. This matter is now before the Court on petitioner's objection to that recommendation. *Objection*, Doc. No. 992. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

On February 26, 2005, petitioner filed a *Motion to Vacate* under 28 U.S.C. § 2255, Doc. No. 725, which was dismissed by this Court on May 16, 2006. *Opinion and Order*, Doc. No. 761. That judgment is now final. *See* Doc. No. 812, *Washington v. United States of America,* Case No. 07-3027 (6th Cir. October 1, 2007). Ordinarily, a successive motion to vacate under 28 U.S.C. § 2255 cannot proceed in this Court unless the United States Court of

1

Appeals for the Sixth Circuit grants leave. 28 U.S.C. § 2244(b)(3)(A); *see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner denominates his filing as – not a successive motion to vacate under 28 U.S.C. § 2255 – but as a motion under Fed. R. Civ. P. 60(b). Where a Rule 60(b) motion "attempts 'to add a new ground for relief' [it] is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005)). Moreover, a Rule 60(b) motion that attacks the resolution of an earlier motion to vacate will also be considered a successive § 2255 petition, "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is . . . entitled to habeas relief." *Id.* at 1022 (citing *Gonzalez*, at 532). Such a motion must therefore be transferred to the Court of Appeals.

As noted *supra*, the Magistrate Judge recommended that *Petitioner's Motion* be transferred to the Court of Appeals as a successive petition.

Petitioner objects to that recommendation, taking the position that the issue presented in *Petitioner's Motion* points, not to a new claim for relief, but to a defect in the integrity of the previous proceedings. Such a motion, petitioner argues, is therefore properly presented in a motion for relief from judgment under Rule 60(b) and need not be transferred to the Sixth Circuit. This Court disagrees.

2

In *Petitioner's Motion*, petitioner argues that this Court misconstrued Ground One of the original *Motion to Vacate*. Because the Court failed to consider the claim as it should have been construed, petitioner contends, the earlier proceedings were defective and Rule 60(b) permits petitioner to now litigate the claim as properly construed. *Petitioner's Motion,* p. 5.

This Court agrees with the Magistrate Judge that *Petitioner's Motion* seeks to attack the previous resolution of Ground One of the original *Motion to Vacate*. *Petitioner's Motion* is therefore a successive petition under § 2255 regardless of the label given the motion by petitioner. *See In Re Nailor*, 487 F.3d at 1022. This Court therefore lacks authority to consider petitioner's motion absent authorization by the United States Court of Appeals for the Sixth Circuit.

The *Report and Recommendation*, Doc. No. 990, is **ADOPTED AND AFFIRMED**. *Petitioner's Motion*, Doc. No. 989, is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive motion to vacate under 28 U.S.C. § 2255.


Date: June 5, 2013

                                                _____s/James L. Graham_____
                                                James L. Graham
                                                United States District Judge